**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STREETLIFE INTERNATIONAL GMBH, | Civil Action No. 24-7344 (SDW) (JBC) |
| Plaintiff, | **WHEREAS OPINION AND ORDER** |
| v. | July 31, 2025 |
| KOBI DEGRAFT JOHNSON, | |
| Defendant. | |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Plaintiff Streetlife International GmbH's ("Plaintiff") Motion for Default Judgment (D.E. 19 ("Motion")); and

**WHEREAS** Plaintiff filed the instant lawsuit on June 28, 2024, asserting various claims alleging that Defendant Kobi Degraft Johnson ("Defendant") fraudulently induced a $241,250 payment in exchange for recording artist, Snoop Dogg's performance at a music festival being run by Plaintiff.  Plaintiff made the payment, and Defendant disappeared with the money.  Plaintiff first moved for service by publication (D.E. 8) on August 27, 2024, which Magistrate Judge James B. Clark denied in an opinion and order dated January 8, 2025.  (D.E. 13.)  Following additional efforts to serve Defendant, Plaintiff moved to serve Defendant via the email address that it used to correspond with him.  Judge Clark granted this motion in an opinion and order dated June 2, 2025 (D.E. 16), Plaintiff filed a certificate of service on the docket on June 3, 2025 (D.E. 17), requested and was granted the clerk's entry of default (D.E. 18), and subsequently filed the Motion on July 20, 2025; and

1

**WHEREAS** Plaintiff does not include a basis for personal jurisdiction over Defendant in the Complaint.  Rather, Plaintiff asserts that subject matter jurisdiction is present on the basis of diversity, and that "[v]enue in New Jersey is appropriate because defendant does business in New Jersey and, in fact, is under a Court Order from the United States District Court for the District of New Jersey arising from a criminal prosecution in this State barring [Defendant] from soliciting funds, an Order which has been violated."  (D.E. 1 at ¶¶ 5–6); and

**WHEREAS** it is axiomatic that "[b]efore a district court may hear a case, it must have both personal jurisdiction and venue. …"  *FS Photo, Inc. v. Picturevision, Inc.*, 48 F. Supp. 2d 442, 444 (D. Del. 1999).  Further, "[w]hile unlike subject matter jurisdiction, a court generally may not raise personal jurisdiction *sua sponte*, when a default judgment is requested, a court is *required* to make a threshold determination regarding any jurisdictional defects.…" *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015) (emphasis added).  Here, Plaintiff has failed to allege even a *prima facie* case of personal jurisdiction.  Without delving too much into the specific details, there is no indication, for example, that the fraudulent scheme was targeted at Plaintiff while it was in the forum, that Defendant executed the scam from the forum, or whether the scheme has any connection to the forum whatsoever.  That Defendant may have previously been under a court order in this District does not itself establish that Defendant purposely directed this conduct toward the forum or that the claims arise out of Defendant's forum-related contacts.  *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) ("[W]hat is necessary is a deliberate targeting of the forum.…"); and

**WHEREAS** although Judge Clark permitted service by email after finding that Plaintiff had made diligent but unsuccessful attempts to locate Defendant and that email service was reasonably calculated to provide notice, that ruling addressed only the adequacy of service under

Rule 4 and the requirements of due process notice, and did not resolve the separate and independent question of whether the Court may exercise personal jurisdiction over Defendant, an inquiry that turns not on the method of service, but on whether Defendant has sufficient minimum contacts with this forum and whether Plaintiff's claims arise out of or relate to those contacts; and

**WHEREAS**, this Court has an independent duty to assess whether Plaintiff has made a *prima facie* showing of personal jurisdiction before entering a default judgment, even where alternate service has been authorized and executed;

**IT IS**, on this 31st day of July 2025,

**ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from the date of this Order to file a supplemental submission addressing the issues of this Court's personal jurisdiction over Defendant; and it is further

**ORDERED** that failure to submit a timely supplemental filing may result in dismissal of this action for lack of personal jurisdiction.

**SO ORDERED.**

_/s/ Susan D. Wigenton_
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       James B. Clark, U.S.M.J.