<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STREETLIFE INTERNATIONAL GMBH,<br><br>     Plaintiff,<br><br>v.<br><br>KOBI DEGRAFT JOHNSON,<br><br>     Defendant. | Civil Action No. 24-7344 (SDW) (JBC)<br><br>**WHEREAS OPINION AND ORDER**<br><br>October 2, 2025 |

**WIGENTON**, District Judge.

  **THIS MATTER** having come before this Court upon Plaintiff Streetlife International GmbH's ("Plaintiff") Motion for Default Judgment (D.E. 19 ("Motion")); and

  **WHEREAS** this Court previously denied Plaintiff's Motion for Default Judgment without prejudice and ordered Plaintiff to provide supplemental briefing on whether this Court could exercise personal jurisdiction over Defendant Kobi Degraft Johnson ("Defendant"). Plaintiff subsequently provided such briefing; and

  **WHEREAS** this Court previously explained that, "[b]efore a district court may hear a case, it must have both personal jurisdiction and venue. …" *FS Photo, Inc. v. Picturevision, Inc.*, 48 F. Supp. 2d 442, 444 (D. Del. 1999). Further, "[w]hile unlike subject matter jurisdiction, a court generally may not raise personal jurisdiction sua sponte, when a default judgment is requested, a court is required to make a threshold determination regarding any jurisdictional defects.…" *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015) (emphasis added). Plaintiff's subsequent briefing still does not put forth a showing that exercise of personal jurisdiction over Defendant

would be proper here.  Plaintiff does not provide any facts which would establish that Defendant is subject to general jurisdiction in New Jersey.  The fact that Defendant may have purchased property in New Jersey in the past or used a credit card to make purchases in New Jersey is not enough to subject him to general jurisdiction in the state, and there is no indication that those purchases related to the allegations at issue here such that they would be relevant at all to a specific jurisdiction analysis.  Nor does Plaintiff present any additional evidence that Defendant purposefully directed the alleged fraudulent conduct toward New Jersey, or that the claims arose out of Defendant's forum contacts.  Thus, the jurisdictional deficiencies identified in this Court's prior opinion remain uncured.  In the absence of a prima facie showing of specific or general jurisdiction, this Court cannot proceed to adjudicate the merits of the dispute or enter default judgment.  Because Plaintiff bears the burden of establishing personal jurisdiction and has failed to do so despite an opportunity to supplement, dismissal is warranted; and

**WHEREAS** Plaintiff's supplemental memorandum also suggested that, if this Court lacked personal jurisdiction, it should transfer the case to the United States District Court for the District of Connecticut.  This Court construes this suggestion as a request for transfer under 28 U.S.C. § 1631, which permits transfer "in the interest of justice" when the transferring court finds that there is a want of jurisdiction.  Transfer under § 1631 is discretionary; a court must determine whether the transferee forum could exercise jurisdiction and whether transfer better serves the interests of justice than dismissal.  *See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110 (3d Cir. 2009) (noting that courts may transfer for lack of personal jurisdiction if the plaintiff makes a prima facie showing that the transferee court can exercise jurisdiction).  Here, Plaintiff has not identified any connection between the alleged fraud and the District of Connecticut aside from claiming that Defendant's last known address is in Connecticut.

Based on this lone assertion, and a lack of any argument relating to why transfer would serve the interests of justice, this Court declines to transfer the case and instead dismisses the action without prejudice so that Plaintiff may pursue it in a proper forum.  Therefore,

**IT IS**, on this 2nd day of October 2025,

**ORDERED** that the Motion is **DENIED WITH PREJUDICE**; and it is further

**ORDERED** that the Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**SO ORDERED.**

                 */s/ Susan D. Wigenton*
                 **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc:  Parties
    James B. Clark, U.S.M.J.